UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YORBYS RODRIGUEZ CHIRINOS, | CASE NO. 2:26-cv-00109-LK |
| Petitioner, | ORDER DISMISSING CASE |
| v. | |
| PAMELA BONDI et al., | |
| Respondents. | |

This matter comes before the Court on Petitioner Yorbys Rodriguez Chirinos's petition for a writ of habeas corpus, Dkt. No. 3, and Respondents' Notice of Petitioner's Removal, Dkt. No. 11. Rodriguez Chirinos's petition alleged that his immigration probation was unlawfully revoked and therefore his detention by U.S. Immigration and Customs Enforcement ("ICE") was unlawful. Dkt. No. 3 at 2–5. He sought release from detention and an injunction preventing future revocation of supervised release without certain process upon release. *Id.* at 5. Since then, Respondents notified the Court that Rodriguez Chirinos was "no longer in immigration custody" because ICE removed him from the United States on March 17, 2026. Dkt. No. 11 at 1.

ORDER DISMISSING CASE - 1

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because Rodriguez Chirinos has been removed from the United States, Dkt. No. 11, his request for release no longer presents a "live controversy[.]" *Abdala*, 488 F.3d at 1065. And his remaining requests for relief, if successful, would not redress any "collateral consequences" of his purportedly unlawful detention because "[t]hese forms of relief relate solely to Petitioner's detention, not the order of removal," *Zhon Wei Zhai v. Janecka*, No. 5:26-cv-00649-SPG-RAO, 2026 LX 38318, at *8 (C.D. Cal. Feb. 19, 2026). "Because Petitioner is no longer detained—and, due to his deportation, cannot be re-detained under the present circumstances—the Court cannot grant Petitioner any relief on his Petition." *Id.* at 9; *see also Mejia v. Semaia*, No. 5:25-CV-01987-SPG-AGR, 2025 WL 2633165, at *2 (C.D. Cal. Aug. 21, 2025) ("[T]he Court finds that no collateral consequences remain" because "Petitioner does not appear to contest the validity of his removal."); *Andrade v. Noem*, No. 2:25-CV-01240 KWR-JHR, 2026 WL 686485, at *2–4 (D.N.M. Mar. 11, 2026) (collecting cases for same proposition).

For those reasons, the Court dismisses Rodriguez Chirinos's petition for a writ of habeas corpus, Dkt. No. 3, as moot.

Dated this 31st day of March, 2026.

Lauren King
United States District Judge

ORDER DISMISSING CASE - 2